## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

LEE JOHNSON,               )
                     )
            **Plaintiff,**    )
vs.                       )
                     )
VICTORY ENERGY OPERATIONS, LLC,  )
a foreign limited liability company;   )    **Case No.  09-CV-759-TCK-PJC**
JOHN VISKUP, SR., an individual;    )
JOHN C. VISKUP, JR., an individual;  )
DONNIS LONG, an individual;       )
CHRIS WAGNER, an individual;  and  )
KIRBY STALLINGS, an individual,    )
                     )
          **Defendants.**    )

## OPINION AND ORDER

Before the Court is Defendant John C. Viskup Jr.'s ("Viskup") Motion to Dismiss Plaintiff's

First Amended Complaint (Doc. 28).

**I.    Background**

Plaintiff's First Amended Complaint alleges the following facts.  Plaintiff was employed as

a saw operator at Victory Energy Operations, LLC ("Victory") from July 2008 to April 2009.

Shortly after he began working at Victory, Defendant Chris Wagner ("Wagner"), Plaintiff's

immediate supervisor, asked Plaintiff if he was a "spic."  (First Am. Compl. ¶ 14.)  Thereafter, in

September 2008, Wagner called Plaintiff a "damn nigger." (*Id.* ¶ 15.) Plaintiff alleges that he spoke

with Defendant Kirby Stallings ("Stallings"), Wagner's supervisor, and told Stallings that he wanted

the racial slurs to cease.  In October 2008, Wagner allegedly resumed making racial comments

toward Plaintiff, referring to Plaintiff as his "little niggah" and telling Plaintiff to "go pick my

cotton" after seeing Plaintiff carrying a tool on his shoulders.  (*Id.* § 17.)  In November 2008, after

President Barack Obama was elected to office, Plaintiff alleges that Wagner told Johnson, "You

damn black people think you can do whatever you want now, don't you?" (*Id.* § 18.) Plaintiff again spoke with Stallings in January 2009 to inform Stallings that Wagner continued to direct racially derogatory comments toward him and to such a degree that his work was being adversely affected. In response to said complaint, Plaintiff was moved to another building and no actions were taken against Wagner.  On or about April 19, 2009, Plaintiff arrived at work and found a noose hanging at the door labeled with his name – "Lee."  Plaintiff removed the noose, took it to Stallings, and Stallings allegedly asked Plaintiff, "What are you doing to people to make them do this to you?" (*Id.* § 20.) Plaintiff further claims that Stallings told him to "keep [his] mouth shut" about the noose and that Stallings would talk to other employees to see if they knew anything.  (*Id.*)  Subsequent to these events, Plaintiff met with Defendant Donnis Long ("Long"), Victory's human resources executive, and advised Long about the above-listed incidents.  Plaintiff claims, however, that no actions were taken in response to his complaint.  Plaintiff ended his employment at Victory in April 2009 as a result of the "hostile work environment created by the racially derogatory and intimidating comments and actions directed toward him."  (*Id.* § 22.)

As a result of these events, Plaintiff filed suit against (1) Victory; (2) John Viskup, Sr., owner of Victory; (3) Viskup, President of Victory; (4) Long; (5) Wagner; and (6) Stallings.  Specifically, Plaintiff has alleged two claims: (1) hostile work environment pursuant to 42 U.S.C. §1981 ("Section 1981") (against all Defendants); and (2) hostile work environment pursuant to Title VII, 42 U.S.C. § 2000e *et seq*. (against Victory).  Viskup now moves to dismiss the Section 1981 hostile work environment claim against him pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").

## II.       Rule 12(b)(6) Standard

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. The inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544)). In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "'nudge [ ] [his] claims across the line from conceivable to plausible.'" *Schneider*, 493 F.3d at 1177 (quoting *Twombly*, 550 U.S. at 570). Thus, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Schneider*, 493 F.3d at 1177.

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248. In addition, the Tenth Circuit has stated that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to

3

include sufficient factual allegations, depends on context," and that whether a defendant receives fair notice "depends on the type of case." *Id.*

### III.    Analysis

Section 1981 prohibits racial discrimination in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1983(a),(b).  To make a claim under Section 1981, a plaintiff must show that: (1) he is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination interfered with a protected activity as defined in Section 1982, i.e. the making or enforcing of a contract.  *Hampton v. Dillard Dept. Stores, Inc.*, 247 F.3d 1091, 1101-02 (10th Cir. 2001).  "These elements 'are flexible and are not to be applied rigidly.'"  *Id.* at 1102 (citing *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 530 n. 2 (10th Cir. 1994)).  Further, "[a] claim seeking personal liability under [S]ection 1981 must be predicated on the actor's personal involvement" and "[t]here must be some affirmative link to causally connect the actor with the discriminatory action."  *Allen v. Denver Pub. Sch. Bd.*, 928 F.2d 978, 983 (10th Cir. 1991), overruled on other grounds by *Kendrick v. Penske Transp. Servs.*, 220 F.3d 1220, 1228 (10th Cir. 2000); *see also Whidbee v. Garzarelli Food Specialities, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000) (citing *Allen* and stating, "[w]e agree with the Tenth Circuit . . . that in order to make out a claim for individual liability under [Section] 1981, a plaintiff must demonstrate 'some affirmative link to causally connect the actor with the discriminatory action'").

The factual allegations in Plaintiff's Amended Complaint are not sufficient to "state a claim to relief [under Section 1981] that is plausible on its face."  *Schneider*, 493 F.3d at 1177. Specifically, the Amended Complaint contains no allegations that Viskup was personally involved

in any of the incidents giving rise to the present action, as Viskup is not explicitly mentioned in any of the allegations contained therein.  The only accusation that could be read as implicating Viskup is the statement that "management level employees of Victory knew or should have know of" the alleged discrimination.  (First Am. Compl. ¶ 32.)  Such a conclusory statement fails to specifically refer to Viskup much less allege that Viskup was personally involved in the discriminatory incidents alleged in Plaintiff's First Amended Complaint.  The Court therefore finds dismissal proper pursuant to Rule 12(b)(6).  *See Hathron v. Quick-Trip Corp.*, No. 08-CV-618-CKF-PJC, 2008 WL 5122605, at *2 (N.D. Okla. Dec. 4, 2008) (dismissing Section 1981 claim pursuant to Rule 12(b)(6) when complaint did not allege that the defendant was personally involved in incidents giving rise to claim); *Kelley v. New York Life Ins. and Annuity Corp*, No. 07-cv-01702-LTB-BNB, 2008 WL 1782647, at *4 (D. Colo. April 17, 2008) (finding Section 1981 discrimination claim was subject to dismissal pursuant to Rule 12(b)(6) when allegations in complaint consisted of "unsubstantiated and speculative conclusions").

## IV.     Conclusion

        For the reasons discussed herein, Viskup's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 28) is GRANTED, and John C. Viskup, Jr. is dismissed as a party to this action. A separate Judgment of dismissal will be entered forthwith.

        **SO ORDERED this 21st day of September, 2011.**

**TERENCE C. KERN**
**United States District Judge**

5